UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEREK MORTLAND, | ) Case No. 4:26-cv-12 |
| Plaintiff, | ) |
| | )  Judge |
| v. | ) |
| SHRAY LLC, an Indiana limited liability company, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

NOW COMES Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. who hereby files this Complaint against the named Defendant Shray LLC, an Indiana limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4. Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland"), is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Shray LLC owns the property located at 4701 Meijer Ct, Lafayette, IN 47905 in Tippecanoe County, which is a hotel known as Comfort Inn

Lafayette I-65. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. The facilities owned by Shray LLC are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fail to comply with the ADA and its regulations, as also described further herein.

7. The Comfort Inn Lafayette I-65 was originally built by the Defendant Shray LLC (or its predecessor) commencing in 1996 and granted permits for occupancy in 1996, as well as underwent extensive renovation and alteration by the Defendant (or its predecessor) completed in 2020 and 2023, and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the 1991 ADAAG Standards or 2010 ADA Standards implementing regulations of the ADA is required for this hotel as applicable unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. Mr. Morland is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Mortland is employed as an ADA speaker, consultant, expert and ADA coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients throughout Indiana and continues to do so routinely throughout Northern Indiana.

10. On May 29-30, 2025, Plaintiff was an overnight guest at the Defendant's hotel while conducting business in the immediate area, and he plans to return to the hotel to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety, have caused him actual damages by diminishing his ability to utilize services held out to be accessible in the hotel's common areas and within his mobility accessible guestroom, and restricted and limited his protected access to Defendant's place of public accommodation.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with

respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the hotel owned or operated by the Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Parking and Accessible Routes:**

A. Designated accessible parking signage is entirely lacking, in violation of the ADA and section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required, or at minimum, readily achievable.

B. There are no designated van accessible parking spaces, in violation of the ADA and section 208.2.4 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C. The access aisle for the designated accessible parking spaces is obstructed by the built-up curb ramp and not on the same level as the parking spaces they serve, in violation of the ADA and sections 502.4 and 406.5 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

D. The accessible route to the entrance has cracks and changes in level in excess of 1/4 inch, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is strictly required or, at minimum, readily achievable.

E. Curb ramps throughout the property have excess slope, no level landing, and are blocked by parked vehicles, in violation of the ADA and section 405 of the 2010 Standards and 1991 ADAAG section 4.8 whose remedy is strictly required or, at minimum, readily achievable.

F. There is no accessible route to the entrance due to the presence of non-compliant ramps, in violation of the ADA and section 402.2 of the 2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

G. The hotel entrance lacks required maneuvering clearance at the doorway due to slope, in violation of the ADA and section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

**Lobby Restrooms**

H. The men's restroom wall-hung urinal is mounted in excess of 17 inches maximum above the finish floor to the rim, in violation of the ADA and section 605.2 of the 2010 Standards and 1991 ADAAG Section 4.18.2, whose remedy

is strictly required or, at minimum, readily achievable.

I. The men's restroom lavatory drain pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

J. The men's restroom paper towel dispenser is mounted with its operable parts above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

K. The men's restroom mirror is located in excess of 40 inches above the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

L. The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

M. The coat hook inside the men's restroom compartment is mounted too high and out of the maximum reach range of 48" to its operable parts above the finished floor, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

N. The men's restroom toilet side grab bar is out of compliance and does not extend 54 inches minimum from the rear wall, in violation of the ADA and section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or, at minimum, readily achievable.

O. The men's restroom water closet flush control is not located on the open side of the unit, in violation of the ADA and section 604.6 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

P. The men's restroom rear grab bar around the water closet is mounted too high, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

Q. The women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

**Designated Mobility Accessible Guestroom #135**

R. The door to exit the guestroom does not have required maneuvering clearance at the latch side, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG Section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

S. Door locking hardware is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

T. Directional signage on the room door is noncompliant, in violation of the ADA and Section 216.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

U. The bathroom drain pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

V. The mirror is located over 40 inches above the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

W. The rear grab bar around the water closet is mounted too high and is not at least 36 inches long, in violation of the ADA and sections 609.4 and 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

X. A side grab bar around the water closet is mounted too high, in violation of the ADA section 609.4 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

Y. The toilet paper dispenser is not mounted 7 inches minimum and 9 inches maximum in front of the toilet measured to the centerline of the dispenser, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.6 whose remedy is strictly required or, at minimum, readily achievable.

Z. The lavatory obstructs the required 60 inches of clear floor space around the water closet, in violation of the ADA and section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

AA. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

BB. The towel bar/shelf and robe hook are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, and 1991 ADAAG section 4.2.5 whose remedy is strictly required or, at minimum, readily achievable.

CC. The shower compartment does not meet required width for a roll-in, in violation of the ADA and section 608.2.2 of the 2010 Standards and 1991 ADAAG section 4.21.2, whose remedy is strictly required or, at minimum, readily achievable.

DD. The shower compartment has excess slope at the approach in violation of the ADA and Sections 305.2 of the 2010 Standards and 1991 ADAAG Section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

EE. The roll-in shower faucet controls and shower spray are not located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall and the controls, faucets, and shower spray unit are located higher than 48 inches above the shower floor, in violation of the ADA and Section 608.5.2 and 308.2.1 of the 2010 Standards and 4.21.3 and 4.21.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

FF.   The roll-in shower's shower spray unit is located higher than 48 inches above the shower floor, in violation of the ADA and Section 308.2.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

GG.   The roll-in shower's soap and shampoo dispensers obstruct use of the rear grab bar, in violation of the ADA and section 609.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

HH.   There is not at least a 36-inch-wide path around the bed, in violation of the ADA and Section 806.2.3 of the 2010 Standards and Section 9.2.2 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

II.   The closet door hardware requires tight grasping or twisting to operate, in violation of the ADA and Section 309.4 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or, at minimum, readily achievable.

JJ.   Amenities including the closet rod and shelf and iron, are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

KK.   The curtain adjuster is located above allowable reach range and requires tight grasping or twisting to operate, in violation of the ADA and sections 308.2.1 and 309.4 of the 2010 Standards and 1991 ADAAG sections 4.25.3 and 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

**Designated Mobility Accessible Guestrooms Generally**

LL.   Derek Mortland believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel similar to those experienced by the Plaintiff in guestroom number 135 the removal of which is strictly required and or is at minimum readily achievable. Further inspection of these rooms is required.

**Type and Number of Designated Accessible Guestrooms**

MM.  The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers numerous different types of rooms and various bed arrangements including 1 King Bed, 1 Bedroom Suite and 1 King Bed, 1 Bedroom Suite with 2-Person Hot Tub.  These rooms offer different square footages, amenities and widely varied price points. However, guests who require mobility accessible accommodations are restricted to a king room or a 2 queen room, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and section 224.5 of the 2010 Standards and section 9.1.4(1) of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

**Access to Goods and Services**

NN.  The registration desk, the transaction counter is too high and there is no portion of the counter surface that is 36 inches long minimum and 36 inches high maximum above the finish floor, in violation of the ADA section 904.4 and 904.4.1 of the 2010 Standards and 1991 ADAAG section 7.2(1), (2), whose remedy is strictly required or at minimum is readily achievable.

OO.  There are amenities in the breakfast area, including soap and paper towel dispensers, utensils, cups and coffee additions, and a waffle iron, that are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, and 1991 ADAAG section 4.2.5 whose remedy is strictly required or, at minimum, readily achievable.

PP.  The breakfast area sink lacks required knee clearance, in violation of the ADA and section 606.2 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

QQ.  The breakfast area sink drain pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

Exercise Room

RR.  The door to the fitness room lacks compliant maneuvering clearance at the latch side to exit due to the placement of equipment, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards, whose remedy is strictly required

or, at minimum, readily achievable.

SS.   Exercise machines and equipment do not have at least 36 inches of maneuvering clearance between them, in violation of the ADA and Section 206.2.13 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

### Swimming Pool

TT.   The adaptive pool lift is not powered, rendering it inoperable, and is covered and not otherwise available for independent use by hotel patrons, in violation of the ADA Sections 242.2 and 1009.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

UU.   There is no accessible route to the pool area elevated table and chairs due to a step, in violation of the ADA and section 206.2.2 of the 2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

### Pool Restrooms

VV.   The men's restroom drain pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

WW.   The men's restroom paper towel dispenser is mounted with its operable parts above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

XX.   The men's restroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

YY.   The women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the restroom is necessary.

**Policies and Procedures**

ZZ.   The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy whose remedy is strictly required or at minimum is readily achievable.

AAA. The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

15. The discriminatory violations described in Paragraph 14 by the Defendant is not an exclusive list of the ADA violations believed to exist at the place of public accommodation.  Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and/or operated by the Defendant, Shray LLC, constitutes a public accommodation and service establishment, and as such,

must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the store accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to bring their place of public accommodation into full compliance with the implementing regulations of the ADA or at

minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendant, Shray LLC, owns and/or operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

23. Defendant has committed unlawful acts pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, and in particular, the Defendant has denied Mr. Mortland and others with mobility impairments access to public restrooms, denied persons who require mobility accessible accommodations their choice of various classes of guestrooms including suites, denied access to compliant guestroom bathroom facilities for the important tasks of bathing and using the restroom in one's own hotel room. This risks Mr. Mortland and others' safety as well as treats them disparately from able-bodied travelers. In

addition, the Defendant has failed to maintain accessible features of its parking lot or create an accessible means for the registration check-in process.

24. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
obdjr@owendunnlaw.com
*admitted to N. District of Indiana